David J. McGlothlin, Esq. (SBN: 026059)
david@southwestlitigation.com
**Hyde & Swigart**
5343 N. 16th Street, Suite 460
Phoenix, AZ 85016
(602) 265-3332
(602) 230-4482

Attorneys for Plaintiffs
Kelly and Michelle Shore

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| Kelly Shore and Michelle Shore<br><br>Plaintiffs,<br>v.<br><br>Mercantile Adjustment Bureau LLC<br><br>Defendant. | Case No: _____<br><br>**Complaint For Damages**<br><br>**Jury Trial Demanded** |
|---|---|

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt

1. collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. Kelly and Michelle Shore, (Plaintiffs), through Plaintiffs' attorneys, bring this action to challenge the actions of Mercantile Adjustment Bureau LLC, ("Defendant"), with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiffs, and this conduct caused Plaintiffs damage.

3. Plaintiffs make these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiffs allege on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. Unless otherwise stated, all the conduct engaged in by Defendant took place in Arizona.

6. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

## JURISDICTION AND VENUE

7. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

8. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA").

9. Because Defendant does business within the State of Arizona, personal jurisdiction is established.

10. Venue is proper pursuant to 28 U.S.C. § 1391.

11. At all times relevant, Defendant conducted business within the State of Arizona.

## PARTIES

12. Plaintiffs are natural persons who reside in the City of Buckeye, State of Arizona.

13. Defendant is located in the City of Rochester, in the State of New York.

14. Plaintiffs are obligated or allegedly obligated to pay a debt, and are "consumers" as that term is defined by 15 U.S.C. § 1692a(3).

15. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

16. Sometime before May 14, 2011, Plaintiffs are alleged to have incurred certain financial obligations.

17. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

18. Sometime thereafter, but before May 14, 2011, Plaintiffs allegedly fell behind in the payments allegedly owed on the alleged debt.  Plaintiffs currently dispute the validity of this alleged debt.

19. Subsequently, but before May 14, 2011, the alleged debt was assigned, placed, or otherwise transferred, to Defendant for collection.

20. On or about May 14, 2011, Defendant mailed a dunning letter to Plaintiffs.  A few days later, Plaintiffs received that letter.

21. This communication to Plaintiffs was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

22. Subsequently, but within the thirty-day period described in 15 U.S.C. § 1692(a), Plaintiffs notified Defendant in writing, that this alleged debt, or some portion of it, was disputed.

23. On or about July 11, 2011, Defendant sent and Plaintiff received Defendant's attempt to validate the alleged debt.

24. On or about July 18, 2011, in response to Defendant's July 11, 2011 Plaintiff sent another letter to Defendant. In this letter, Plaintiffs advised Defendant that Plaintiffs wished Defendant to cease further communication with the Plaintiffs by telephone in a manner consistent with the requirements pursuant to 15 U.S.C. § 1692c(c).

25. In this same letter, Plaintiffs advised Defendant that Plaintiffs' employer prohibited Plaintiffs from receiving such communications at Plaintiffs' place of employment in a manner consistent with 15 U.S.C. §1692c(a)(3), and also advised Defendant that calls at Plaintiffs' place of employment were inconvenient, as prescribed in 15 U.S.C. §1692c(a)(1).

26. On or about August 19, 2011, Defendant telephoned Plaintiffs in an attempt to collect the alleged debt after Defendant was notified in writing that Defendant was to cease telephone communication with the Plaintiffs in a manner consistent with the requirements in 15 U.S.C. § 1692c(c).  Consequently, Defendant violated 15 U.S.C. § 1692c(c).

27. On or about August 26, 2011, Defendant telephoned Plaintiffs in an attempt to collect the alleged debt after Defendant was notified in writing that Defendant was to cease telephone communication with the Plaintiffs in a manner consistent with the requirements in 15 U.S.C. § 1692c(c).  Consequently, Defendant violated 15 U.S.C. § 1692c(c).

28. On or about August 26, 2011, Defendant then telephoned Plaintiff Kelly Shore's place of employment in an attempt to collect the alleged debt.

29. Because Defendant knew or had reason to know that the Plaintiffs' employer prohibits Plaintiffs from receiving such communications and that such calls were inconvenient, this action by Defendant violated 15 U.S.C. § 1692c(a)(1) and 15 U.S.C. § 1692c(a)(3).

30. Plaintiff Michelle Shore then called back Defendant to inquire why Defendant was ignoring Plaintiff's written cease and desist letter, and warning to not call Plaintiffs' place of employment.

31. During this conversation, Plaintiff also pointed out that the alleged debt was over six years old and outside any applicable statute of limitations.

32. In response to this, Defendant's agent Don Sherry stated "the statute of limitation on this debt could be upped by the creditor per federal law."

33. This statement was a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt.  As such, this action by Defendant violated 15 U.S.C. §§ 1692e and 1692e(10).

34. Through this conduct, Defendant made a false representation concerning the character, amount, or legal status of a debt.  Consequently, Defendant violated 15 U.S.C. § 1692e(2)(A).

35. Through this conduct, Defendant threatened to take action that cannot legally be taken or that is not intended to be taken.  Consequently, Defendant violated 15 U.S.C. § 1692e(5).

36. As a result of Defendant's abusive actions, Plaintiffs have suffered damages in the form of nervousness, stress, anxiety, headaches, fear of answering the telephone, fear of answering the door, and embarrassment around friends and family, all impacting their personal relationship and marriage.

//
//
//
//

## CAUSES OF ACTION

### COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)
### 15 U.S.C. §§ 1692 ET SEQ.

37. Plaintiffs repeat, re-allege, and incorporate by reference, all other paragraphs.

38. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

39. As a result of each and every violation of the FDCPA, Plaintiffs are entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3).

40. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demand, a trial by jury.

Respectfully submitted,                **Hyde & Swigart**

Date: September 7, 2011                By:  /s/ David J. McGlothlin
                                       David J. McGlothlin
                                       Attorneys for Plaintiffs